# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MARCIA THOMAS,**

    Plaintiff,

vs.                                            Case No. 4:25cv157-MW-MAF

**LEON COUNTY SHERIFF'S OFFICE, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Marcia Thomas is proceeding pro se and with in forma pauperis status in this case. *See* ECF Nos. 1, 20-21. An Order to Show Cause was entered in this case on May 1, 2025, noting that Plaintiff has initiated five other civil rights cases in this year alone,[1] not including this case. This is Plaintiff's sixth such case. In the instant complaint, Plaintiff names Revell Lawrence, Gavin Larrmore, and the Tallahassee Police

---

[1] Plaintiff initiated case number 4:25-cv-09-MW-MAF on 01/07/25; she initiated case number 4:25-cv-27-MW-MAF on 01/17/25; she initiated case number 4:25-cv-98-AW-MAF on 03/04/25; she initiated case number 4:25-cv-138-RH-MAF on 03/26/25; she initiated case number 4:25cv157-MW-MAF on 04/08/25; and case number 4:25cv190-MW-MJF was initiated on 04/23/24.

Department as Defendants in this case. ECF No. 1. However, Plaintiff's claims against Tallahassee Police Department, Chief Revell Lawrence, and Officer Gavin Larrmore were previously litigated and dismissed. *See* case numbers 4:21cv111-MW-MAF, 4:24cv380-MW-MAF, 4:25cv27-MW-MAF, and USCA11 case number 21-13042.

An Order entered on April 21, 2025, informed Plaintiff that she could not "continue to file cases against the same Defendants when the basis for her claims have already been dismissed." ECF No. 6 at 3. A litigant is not permitted to have multiple bites of the same apple as the doctrine of *res judicata* bars subsequent suits when (1) there has been a final judgment on the merits, (2) the decision was rendered by a court of competent jurisdiction, (3) the parties are the same in both suits; and (4) the same cause of action is involved in both cases. I.A. Durbin, Inc. v. Jefferson National Bank, 793 F.2d 1541, 1549 (11th Cir. 1986). Res judicata applies to foreclose re-litigation of matters "that were litigated or could have been litigated in an earlier suit." *Id.*

That Order explained that Plaintiff's complaint in this case, ECF No. 1, raised claims based on the same events from 2019 and 2020 which Plaintiff litigated previously in case number 4:21cv111-MW-MAF. ECF No.

Case No. 4:25cv157-MW-MAF

6 at 4. In that 2021 case, Plaintiff presented her claims of "direct energy beams," cloaking systems, invisible screens and radiation, gang stalking, electromagnetic fields, arsenic, and a conspiracy against her. Among the named Defendants in that case were Lawrence Revell, Gavin Larrmore, and the Tallahassee Police Department. Those claims in case number 4:21cv111 were dismissed for failure to state a claim, her motion for reconsideration was denied, and the dismissal was affirmed on appeal. *See* ECF Nos. 24, 27, 35, and 37 of that case. Judgment was entered by this Court, a court of competent jurisdiction.

Although Plaintiff was informed that this case was redundant to her prior cases, *see* ECF No. 6 of this case, she has pressed forward. Plaintiff filed two amended in forma pauperis motions, ECF Nos. 7 and 12, a notice of change of address, ECF No. 8, and a response, ECF No. 10, to that prior Order. An Order to Show Cause was then entered, ECF No. 9, requiring Plaintiff to demonstrate why this case was not redundant and to demonstrate why sanctions should not be imposed against her pursuant to Federal Rule of Civil Procedure 11. That Order explained that the Court could sanction a plaintiff who repeatedly brings claims and makes legal

contentions that are not warranted by existing law and have been dismissed on the merits. ECF No. 9 at 4 (citing to Fed. R. Civ. P. 11(b)).

"The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003) (quotation omitted) (quoted in Thomas v. Early Cnty., Ga., 518 F. App'x 645, 646 (11th Cir. 2013) (holding that sanctions under Rule 11 are appropriate when a plaintiff files a second, identical case when Plaintiff know the first case was dismissed as frivolous and presented "no colorable basis in law or fact")). Plaintiff has filed case after case in this Court against the same Defendants.[2] All of Plaintiff's cases have been dismissed for failure to state a claim and as frivolous. Furthermore, Plaintiff has been informed that claims based on events from 2019 are time barred.

Plaintiff was required to file a response to the Order to Show Cause no later than May 30, 2025. ECF No. 9. That deadline was reiterated to Plaintiff in several subsequent Orders. ECF Nos. 11, 13. It was then extended until June 13, 2025. ECF No. 17. In response, Plaintiff

---

[2] Plaintiff has also begun filing multiple cases against HCA Hospital as well. See case numbers 4:25cv09-MW-MAF, 4:25cv138-RH-MAF, and 4:25cv190-MW-MJF.

maintains her determination "to fight for her constitutional rights." ECF No. 20 at 7. She also contends that "she was not fully aware of the ongoing conspiracy against her rights until 2024 . . . ." *Id.* at 8, 10. Those assertions are frivolous and false because the fifth amended complaint Plaintiff filed in case number 4:21cv111 on July 6, 2021, alleged a conspiracy between the Defendants. *See* ECF No. 20 of that case.

The Court concludes that Plaintiff's claims in this case are frivolous, redundant, and barred by the doctrine or *res judicata*. Plaintiff has not provided a legal argument to show that her claims should be permitted to proceed under any viable legal theory. Furthermore, it is apparent from her response that Plaintiff will continue to file lawsuits about these events unless a sanction is imposed under the authority of Rule 11.

Rule 11 provides that a "court may impose an appropriate sanction" on a party that violates Rule 11. Fed. R. Civ. P. 11(c)(1). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "The sanction may include nonmonetary directives," which in this case, would be appropriate. That is because Plaintiff has been granted in forma pauperis status in all of her cases and imposition of a

monetary sanction might be an impossible condition. Thus, it is recommended that, as a sanction under Rule 11, Plaintiff not be permitted to file a lawsuit against Revell Lawrence, Gavin Larrmore, or the Tallahassee Police Department which deals with events occurring prior to July 1, 2022, unless the complaint is signed by an attorney in good standing who is licensed to practice law.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** as frivolous and as barred by *res judicata*, and that Plaintiff be sanctioned under Federal Rule of Civil Procedure 11(c) for filing repetitive claims that are frivolous and redundant.

**IN CHAMBERS** at Tallahassee, Florida, on July 7, 2025.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the

**Court's internal use only and does not control.** **If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636.**